Scott, J.
No question is j>resented in this case as to the weight of evidence. The record does not embody the evidence, nor was there a motion for a new trial.
But the case comes before us on what purports to be a finding of the facts by the court, in the nature of a special verdict.
The main question presented by the pleadings was, whether a certain note, executed by A. A. Kagy alone, and given by him to the plaintiff, was so given and accepted by the plaintiff, in satisfaction and discharge of a pre-existing debt due to the plaintiff from the firm of A. A. and T. A. Kagy. This was a question of fact, and while it remained open, no final judgment, upon the merits, could properly be rendered in the case. But instead of finding either way upon this question of fact, the district court found that certain things were done and said, by and between the parties, which might tend, more *or less strongly, to prove this main point in the case. A certain amount of evidence, tending, perhaps, to prove a fact, was found, without any finding upon the fact itself. Tho *122 'question of law, as to the judgment to be rendered, could not, as we have said, be raised, until this question of fact was determined. And the deduction or inference to be drawn from the evidence thus found by the court, is a conclusion of fact—not of law. To the facts thus found, the law has not, by repeated adjudications given a fixed determinate effect. They are still matter of evidence only, proper to be weighed and considered by a jury, but not, in law, conclusive upon the issue.
The special finding of facts being thus imperfect, the judgment founded thereon will be reversed, and the cause remanded to the district court for a new trial.
Brinkerhorr, 0. J., and Sutlirr, Peck, and G-holson, JJ., concurred.